*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                                                                    *(609) 858-9351*

July 29, 2013

Joseph M. Casello, Esquire
Collins, Vella & Casello
1451 Highway 34 South
Suite 303
Farmingdale, N.J. 07727

Lawrence P. Blaskopf, Esquire
Tax Division – US Department of Justice
Ben Franklin Station
PO Box 227
Washington, D.C. 20044

Albert Russo, Esquire
Standing Chapter 13 Trustee
CN 4853
Trenton, N.J. 08650-4853

                                            Re:    Pearl Dwek – Case No. 11-37368

                                                     Motion to Modify the Stay to Allow
Debtor to Proceed in the United States
Tax Court Provide Monthly Distributions
to the Debtor or in the Alternative to
Dismiss the Chapter 13 Case
Document #177

                                                     Hearing Date: July 24, 2013

Dear Counselors:

      Pearl Dwek, the Debtor in this Chapter 13 proceeding, has filed a motion for stay relief in order that she might pursue resolution of the claim asserted against the IRS. All parties seem to agree that the Tax Court has the clearest jurisdiction to resolve that claim. The difficulty arises

because Ms. Dwek wishes to continue to draw down $12,000 per month to cover her living expense while that claim proceeds. The IRS objects.

Ms. Dwek has accomplished quite a bit here in the bankruptcy court. Pearl Dwek filed a Chapter 13 on September 19, 2011. While under the protection of this court, she settled with the estate of Solomon Dwek, liquidated property at 311 Crosby Avenue, Deal, NJ, has lost the protection of the stay as to litigation and ultimately settled with Chicago Title, lost protection of the stay as to 3454 West Bangs Avenue, Neptune, NJ and ultimately settled with the secured creditor there, sold property located at 479-481 Adamston Road, Brick, NJ, gotten an interim order approving confirmation (11/16/12), and sold property located at Lots 1&3, Block 48 in Howell, NJ. She has paid off all the known claims against her other than the IRS.

The modified plan proposed by the Debtor call for payments of $100/m for 36 months, and sale of the properties listed above. The feasibility of that plan is totally dependent on resolution of the claim of the IRS at a level substantially below the amount in the Proof of Claim. At this point it appears that the Debtor has liquidated all of her real property, at least all that she intends to sell. There are two adversary proceedings pending, neither of which is based on bankruptcy law. Since she has not confirmed a plan or completed payments under the plan, she has not obtained a discharge.

As I said, the Debtor has accomplished quite a bit here in the bankruptcy court, but there is little left for her to do here. The huge question remaining is the extent to which she can reduce the claim of the IRS by utilizing the innocent spouse doctrine, and it is apparently at least unclear if this court has jurisdiction to apply that doctrine to the fullest. The process for resolution of that claim in the tax court has not even begun. It is likely to take many months or even years.

Ms. Dwek doesn't have that time left in her plan. The plan that she proposed and that was confirmed on an interim basis is scheduled to be completed in 13 months from now. It cannot be confirmed without a substantial reduction of the tax liability. What Ms. Dwek is essentially asking this court is to allow her to extend the term of a plan that has not even been confirmed yet, and cannot be confirmed unless she is very successful in litigation that has not even been commenced. At this stage in the proceedings, it is impossible for this court to find that she is more likely to confirm her plan than not. *See* In re Am. Capital Equip., LLC, 688 F.3d 145 (3d Cir. 2012)( "A Chapter 11 plan will not be feasible if its success hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely.")

So, the court cannot grant Ms. Dwek's request to maintain the distributions over the objection of the IRS. In the alternative, Ms. Dwek asks that her case be dismissed in order that she can pursue resolution of the tax claim outside the protection of this court. Although the better reasoned decisions hold that a Debtor does not have an absolute right to dismiss, that right is tempered by a showing of bad faith conduct. *See e.g.* In re Caola, 422 B.R. 13, 20 (Bankr. D.N.J. 2010) There has been no allegation of bad faith here. Perhaps more importantly, dismissal rather than treading water in the bankruptcy court seems to be in Ms. Dwek's best interest. If resolution of the tax claim takes the time that many do, she will be eligible to file a petition for bankruptcy relief under Chapter 13 after the tax court makes its decision and will get the benefit of a new petition date. If her case in the tax court proves less fruitful than she hopes, she may be better off in a Chapter 11. At the moment, Ms. Dwek is unaware of any non-IRS creditors, but if they appear later they can be addressed in a later bankruptcy filing.

Since Ms. Dwek has an absolute right to dismiss her Chapter 13 case barring allegations of bad faith, I am going to grant her alternative form of relief. The court will enter the standard order and wish both Ms. Dwek and the IRS good luck with resolution of their ongoing dispute.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge